IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELVIN LYNN HOLMAN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-1775-D-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Shelvin Lynn Holman, a federal prisoner, filed, through counsel, a motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sidney A. Fitzwater. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the motion as time-barred.

**Applicable Background**

Prior to proceeding to trial, the government notified Holman that, if he was convicted as to the then-alleged violation of 18 U.S.C. § 924(c)(1)(A)(ii), itself a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F)(i), it would "seek a mandatory term of life imprisonment," and informed the Court that Holman had the following prior convictions in New Mexico: criminal penetration in the second degree (3 counts); kidnapping (2 counts); aggravated battery; robbery while armed with a dangerous

weapon (firearm); false imprisonment; and assault with intent to commit a violent felony. *United States v. Holman*, No. 3:06-cr-370-D (01) (N.D. Tex.) ("Crim. Case"), Dkt. No. 16.

A jury convicted Holman of "distribution of cocaine [Count 1]; using, carrying, and brandishing a firearm during and in relation to a drug trafficking crime [Count 2]; and being a felon in possession of a firearm [Count 3]." *United States v. Holman*, 289 F. App'x 680, 680-81 (5th Cir. 2008) (per curiam); *see generally* Crim. Case.

He was sentenced to 240 months of imprisonment as to Count 1 and 360 months of imprisonment as to Count 3, to run concurrent with one another. *See* Crim. Case, Dkt. No. 46. And – pertinent to the issue now before the Court – "[f]or the brandishing of a firearm conviction [Count 2], Holman was sentenced in accordance with 18 U.S.C. § 3559(c)(1) to a mandatory life sentence," to run consecutive to the sentences on Counts 1 and 3. *Holman*, 289 F. App'x at 681; *see* Crim. Case, Dkt. No. 46.

He appealed, arguing that Section 3559(c)(1) "is unconstitutional because it violates the Eighth Amendment, the separation of powers doctrine, and the Due Process Clause." *Holman*, 289 F. App'x at 681. The United States Court of Appeals for the Fifth Circuit rejected those claims and granted the government's motion for summary affirmance. *See generally id.*

In this (his initial) Section 2255 motion [Dkt. No. 1], filed almost eight years after the Fifth Circuit affirmed his criminal judgment, Holman challenges the mandatory life sentence imposed under Section U.S.C. § 3559(c) on the basis that the language in that provision defining "serious violent felony" is unconstitutionally vague

in light of *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015).

In that decision, the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – defining "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," *Samuel Johnson*, 135 S. Ct. at 2563. That decision thus "affected the reach of the [ACCA] rather than the judicial procedures by which the statute is applied" and therefore is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review," *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). But that "decision [did] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Samuel Johnson*, 135 S. Ct. at 2563.

Section 3559(c)'s residual clause, however, defines "serious violent felony" as a felony offense "that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense." 18 U.S.C. § 3559(c)(2)(F)(ii). And, arguing that *Samuel Johnson* did not invalidate Section 3559(c)'s definition of "serious violent felony," the government moved to dismiss Holman's Section 2255 motion as time-barred under 28 U.S.C. § 2255(f)(3). *See* Dkt. No. 4.

While Section 3559(c)'s residual clause definition is different than the definition of "violent felony" in the ACCA's residual clause, Section 3559(c)'s applicable language

-3-

is included in the definition of "crime of violence" in 18 U.S.C. § 16(b) – "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." And, on January 18, 2017, this case was stayed and administratively closed because then before the Supreme Court was the constitutionality of Section 16(b), as incorporated into the Immigration and Nationality Act's (the "INA") provisions governing an alien's removal from the United States. *See* Dkt. No. 8.

The Supreme Court decided on April 17, 2018 that Section 16(b) as incorporated into the INA "suffers from the same constitutional defect" noted in *Samuel Johnson*. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018).

A panel of the Fifth Circuit then applied *Dimaya* in a direct criminal appeal to invalidate 18 U.S.C. § 924(c)(3)(B). *See United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018) ("Because the language of the residual clause here and that in § 16(b) are identical, this court lacks the authority to say that, under the categorical approach, the outcome would not be the same. We hold that § 924(c)'s residual clause is unconstitutionally vague."), *cert. granted*, 139 S. Ct. 782 (U.S. Jan. 4, 2019). And the Supreme Court will hear argument in *Davis* on April 17, 2019. *See United States v. Davis*, No. 18-431 (U.S.).

Following *Dimaya*, the parties filed court-ordered supplemental briefing focused on limitations. *See* Dkt. Nos. 11, 16, & 19. Holman argues that he is asserting the right recognized in *Samuel Johnson* and extended in *Dimaya*; that, alternatively, he is actually innocent of Section 3559; and that the Court should extend *Samuel Johnson*

to Section 3559. *See generally* Dkt. No. 16. And the government urges the Court to apply Section 2255(f)(3) to find the Section 2255 motion untimely. *See generally* Dkt. No. 19.

**Legal Standards**

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), *codified at* 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation

> omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). And the Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam).

The Supreme Court has also determined that AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v.*

-6-

*Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

Before the Fifth Circuit panel in *Davis* applied *Dimaya* to invalidate the residual clause of 18 U.S.C. § 924(c), a separate panel of the Court of Appeals addressed Section 2255(f)(3) as it applies to *Samuel Johnson* (and the ACCA's residual clause) and *Dimaya* (and Section 16(b)) – and could apply to subsequent Supreme Court decisions holding that similarly-worded clauses in other statutes suffer from the same constitutional defect first found in *Samuel Johnson*:

> Section 2255(f)(3) ... provides that a motion must be filed within one year from the latest of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); *see also generally Dodd v. United States*, 545 U.S. 353 (2005). The Supreme Court held in *[Samuel] Johnson* that § 924(e)(2)(B)(ii) is unconstitutionally vague – which commenced the one-year clock for defendants sentenced under that statute – and held in *Dimaya* that § 16(b) is unconstitutionally vague – which commenced the one-year clock for defendants sentenced under that statute – but it has made no predicate holding vis-à-vis § 924(c)(3)(B). Though the Court has instructed the courts of appeals to reconsider § 924(c)(3)(B) cases in light of *Dimaya*, that instruction does not amount to a determination that the provision is unconstitutional.

*United States v. Williams*, 897 F.3d 660, 662 (5th Cir. 2018) (concluding that, as to the

movant's collateral attack on Section 924(c)(3)(B), "[t]here is no 'newly recognized' right for Williams to assert"; that, "[i]f § 924(c)(3)(B) is ultimately held to be unconstitutional, that finding may open the door to future collateral challenges to sentences rendered under that statute"; and that, because "that has not yet come to pass, [a court] cannot consider such a challenge at this time"; citations and emphasis omitted); *see also, e.g., United States v. Wing*, 730 F. App'x 592, 594-96 (10th Cir. 2018) ("For purposes of determining whether a § 2255 motion is timely, our precedent forecloses Mr. Wing's attempt to graft the reasoning advanced in *[Samuel] Johnson* onto a provision outside of § 924(e) and the ACCA."); *United States v. Blackstone*, 903 F.3d 1020, 1029 (9th Cir. 2018) ("The Supreme Court may hold in the future that *[Samuel] Johnson* extends to sentences imposed when the Sentencing Guidelines were mandatory or pursuant to 18 U.S.C. § 924(c), but until then Blackstone's motion is untimely.").[1]

The Court, bound by *Williams*, should conclude that, because the Supreme Court has not – or not yet – extended *Samuel Johnson*'s holding to invalidate Section 3559(c)'s residual clause, Holman's premature motion is not timely under Section

---

[1] *But see, e.g., United States v. Hammond*, 354 F. Supp. 3d 28, 40-41 (D.D.C. 2018) (noting that those courts "that have viewed timeliness through the lens of *[Samuel] Johnson*'s scope settled on that approach by emphasizing § 2255(f)(3)'s second clause, which conditions relief under that section to motions claiming rights that have 'been newly recognized by the Supreme Court'"; that "[t]his analysis falls short of grappling with *Dodd*, which made clear that timeliness under § 2255(f)(3) is exclusively a function of that provision's first clause: when 'the right asserted was initially recognized by the Supreme Court'"; and that "[i]njecting into the timeliness analysis whether a right has in fact been newly recognized emphasizes the wrong clause" (quoting *Dodd*, 545 U.S. at 358; citations omitted)).

2255(f)(3), the only provision of the statute of limitations under which Holman's motion could now be timely. *See Williams*, 897 F.3d at 662; *see also Runnels v. United States*, Nos. 3:16-cv-279-B-BH & 3:08-cr-167-B-BH (05), 2017 WL 3447861, at *3 (N.D. Tex. June 27, 2017) ("Because *[Samuel] Johnson* did not recognize as a new right that the residual clauses of § 924(c)(3)(B) and § 3559(c)(2)(F)(ii) or a similarly worded residual clause are unconstitutionally vague, § 2255(f)(3) does not apply."), *rec. accepted*, 2017 WL 3421181 (N.D. Tex. Aug. 9, 2017), *appeal docketed*, No. 17-11156 (5th Cir.)[2]; *cf. United States v. Craven*, ___ F. App'x ___, No. 17-60210, 2018 WL 6264381, at *2 (5th Cir. Nov. 29, 2018) (per curiam) ("The threshold question to determine the timeliness of Craven's motion [under Section 2255(f)(3)] is whether he asserted a *[Samuel] Johnson* claim, i.e., whether he claimed that he was sentenced under the ACCA's residual clause.").

Holman asserts that his statutory untimeliness should be excused because he is actually innocent of Section 3559: "[E]ven if § 2255(f) would otherwise bar this action, Mr. Holman can proceed if he shows that he is innocent of having committed two prior 'serious violent' felonies. That is precisely what he claims – that § 3559(c)(2)(F)(ii) is unconstitutionally vague, and without that provision, his prior

---

[2] *But see generally United States v. Minjarez*, No. 1:09-cr-00466-LJO-1, 2019 WL 1209625 (E.D. Cal. Mar. 14, 2019) (applying *Samuel Johnson* and *Dimaya* to invalidate Section 3559(c)'s residual clause: Those decisions "control the outcome here. The residual clause in the three-strikes law 'possesses the exact same two features' that rendered the residual clauses in those cases void for vagueness. The residual clause in § 3559(c)(2)(F)(ii) is unconstitutionally vague and 'can no longer mandate or authorize any sentence.'" (quoting, respectively, *Dimaya*, 138 S. Ct. at 1223; *Welch* 136 S. Ct. at 1265)).

offenses were not a 'serious violent' felonies." Dkt. No. 16 at 11.

And he cites decisions from district courts outside this circuit finding actual innocence in the context of Section 924(c) convictions. *See, e.g., Duhart v. United States*, Nos. 16-61499-CIV-MARRA & 08-60309-CR-MARRA, 2016 WL 4720424, at *4 (S.D. Fla. Sept. 9, 2016) ("Duhart is actually innocent of his § 924(c) conviction because it was based on the application of § 924(c)'s residual clause, which the Court concludes ... is unconstitutionally vague under *[Samuel] Johnson*. This is factual innocence rather than mere legal innocence, as Duhart's § 924(c) conviction relies on the fact that he was convicted of a predicate 'crime of violence' when he actually was not."), *rev.*, 752 F. App'x 954, 956 (11th Cir. 2019) (per curiam) ("This Court recently ruled that *[Samuel] Johnson* 'can[not] support a vagueness-based challenge to the residual clause of section 924(c)' in the context of a second or successive § 2255 motion," which "thus forecloses Duhart's argument and requires us to reverse the district court's ruling." (quoting *In re Garrett*, 908 F.3d 686 (11th Cir. 2018))).

But Holman's argument fails to advance him "through the actual-innocence gateway," as "it is an argument of 'legal insufficiency,' not 'factual innocence.'" *Brackeen v. United States*, No. 3:17-cv-2891-M-BN, 2017 WL 68880128, at *3 (N.D. Tex. Dec. 15, 2017) (quoting *Bousley v. United States*, 523 U.S. 614, 624 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."); citing *Damon v. United States*, 732 F.3d 1, 2-3 (1st Cir. 2013) (holding that where the petitioner contested "only the categorization of his prior conduct as a crime of violence," he did not plead "'actual innocence' as defined in

-10-

*Bousley*.") and *McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011) ("McKay makes the purely legal argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a 'crime of violence' .... In other words, he makes no claim of factual innocence of the predicate offense.")), *rec. accepted*, 2018 WL 1035094 (N.D. Tex. Feb. 23, 2018).

And, even if the Court were to further explore Holman's actual innocence argument, he has not presented reliable evidence that Section 3559(c) does not apply.

In addition to falling under the residual clause Holman now challenges, a "serious violent felony" for purposes of that section may be one of several enumerated Federal or State offenses, *see* 18 U.S.C. § 3559(c)(2)(F)(i), or have "as an element the use, attempted use, or threatened use of physical force against the person of another," *id.* § 3559(c)(2)(F)(ii). While Holman contends that his New Mexico kidnapping convictions do not qualify as "serious violent felonies" under the residual clause, kiddnapping is itself an enumerated offense. *See id.* § 3559(c)(2)(F)(i).

And, for purposes of his claimed actual innocence, Holman further fails to present evidence that two of his many other prior felonies would not qualify as "serious violent felonies" under either the enumerated offenses or elements provisions of Section 3559(c)(2)(F). *Cf. United States v. Driscoll*, 892 F.3d 1127, 1135-36 (10th Cir. 2018) (Even if there is true *Samuel Johnson* sentencing error, if a movant "has three predicate convictions to support his enhanced sentence as an armed career criminal under the ACCA," he is not entitled to relief. (citing *Brecht v. Abrahamson*, 507 U.S.

-11-

619, 638 (1993))).

## Recommendation

The Court should dismiss Movant Shelvin Lynn Holman's motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255 as time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 21, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE